IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02-cr-40055-JPG |
| | ) | |
| ARLINDA L. JOHNS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Doc. 78), Motion to Proceed *Pro Se* (Doc. 79), and Motion to Proceed *in Forma Pauperis* (Doc. 80).

Defendant Arlinda L. Johns (Johns) was granted a reduced sentence pursuant to a retroactive application of the sentencing guidelines for crack cocaine offenses on September 16, 2008. Johns now requests the Court reduce her sentence further pursuant to "Amendment 12," which she contends reduces her criminal history category because "misdemeanors and petty offenses are no longer allowed to be counted in a defendant's criminal history score." Johns appears to be referring to the 2007 Guidelines Section 4A1.2(c)(1) which provides:

> Sentences for misdemeanor and petty offenses are counted, except as follows:
>> Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days. . . .

USSG § 4A1.2(c)(1) (2007).

There follows a list of enumerated offenses. The only change is that, in prior Guidelines, the listed offenses counted toward criminal history if the sentence was a term of probation of *at least* one year, whereas under the current Guidelines the listed offenses count if the sentence was

1

a term of probation of *more than* one year.  The change was not made retroactive.

There is simply no support for Johns's contention that "misdemeanors and petty offenses are no longer allowed to be counted in a defendant's criminal history score."  Additionally, the slight change that was made to the Guidelines was not made retroactive.  As such, there is no basis for the Court to further reduce Johns's sentence.  The Court **DENIES** Johns' Motion for Retroactive Application of Sentencing Guidelines (Doc. 78.).  The Court **DENIES as moot** her Motion to Proceed *Pro Se* (Doc. 79) and her Motion to Proceed *in Forma Pauperis* (Doc. 80).


**IT IS SO ORDERED.**
**Dated: February 2, 2009**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. District Judge**