IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 02-cr-40055-JPG |
| ARLINDA L. JOHNS, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's *pro se* Motion for Extension of Time (Doc. 89). Arlinda Johns filed a Notice of Appeal from this Court's Order denying her motion for a reduced sentence pursuant to the amended federal sentencing guidelines. The Order was entered on February 2, 2009. Johns received a copy of the Order on February 5, 2009. She placed her Notice of Appeal in the prison's mail system on February 18, 2009.[1] The Notice was received and filed by the district clerk's office on February 23, 2009. The Court of Appeals informed Johns that her Notice of Appeal was six days late. Johns asks for an extension of time to file her Notice of Appeal, contending that she had erroneously calculated the time in which she had to appeal an adverse decision from the date on which she received a copy of the decision rather than the date of entry of the decision. Therefore, excluding court holidays and weekends, Johns believed she had until February 20, 2009 to place her notice of appeal in the prison's mail system.[2]

---

[1] John's dated her Notice January 18, 2009. But it is clear that she actually sent it on February 18, 2009.

[2] The Court notes that Johns failed to provide the declaration or notarized statement required by Federal Rule of Appellate Procedure 4(c)(1).

1

Federal Rule of Appellate Procedure 4(b)(4) allows the district court to briefly extend the time to file a notice of appeal for a period not to exceed 30 days upon a finding of excusable neglect or good cause. Fed. R. App. P. 4(b)(4). Excusable neglect can include omissions through carelessness and mistake. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) ("excusable neglect" in Rule 60(b) context) (citing *Matter of Bulic*, 997 F.2d 299, 302 (7th Cir. 1993) (bankruptcy context)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388-89 (1993) (bankruptcy context). A court should determine whether neglect is excusable by weighing the equities, taking into account all of the relevant circumstances including the danger of prejudice to the opposing party, the length of and reason for the delay, the potential impact on judicial proceedings, and whether the negligent party acted in good faith. *Pioneer*, 507 U.S. at 395; *Matter of Bulic*, 997 F.2d at 302. The court has discretion to determine whether neglect is excusable. *Robb*, 122 F.3d at 361.

Here, Johns filed the late Notice due to excusable neglect. The length of delay was only a few days. Additionally, Johns acted promptly in filing her Notice as soon as she received word of the Court's Order. Finally, Johns calculation of the time in which she had to file her notice was not unreasonable and she appears to have acted in good faith.

Accordingly, the Court **GRANTS** Johns's Motion for an Extension of Time (Doc. 89) and grants her an additional 30 days from the expiration of the time otherwise prescribed by Federal Rule of Appellate Procedure 4(b).

**IT IS SO ORDERED.**
**Dated: April 14, 2009**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **U.S. District Judge**